NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LASHAWN JONES,<br><br>    Plaintiff,<br><br>    v.<br><br>H.O. DIBENEDETTO, *et al.*,<br><br>    Defendants. | No. 24cv11182 (EP) (CLW)<br><br>**OPINION** |

**PADIN, District Judge.**

*Pro se* Plaintiff Lashawn Jones ("Jones"), a state prisoner incarcerated in South Woods State Prison ("SWSP") in Bridgeton, New Jersey, brings a putative class action against Hearing Officer ("H.O.") DiBenedetto ("DiBenedetto"), the New Jersey Department of Corrections ("NJDOC"), John/Jane Doe NJDOC Commissioner, SWSP Administrator Anthony Degner ("Degner"), the NJDOC's Drug Division Program ("DDP"), and an unnamed ADA Coordinator[1] (collectively "Defendants"). D.E. 1 ("Complaint" or "Compl."). Plaintiff argues that the DDP does not serve its intended purpose and that Defendants denied Plaintiff his right to treatment for drug addiction.[2] *Id.* at 4-5. Pursuant to 42 U.S.C. § 1983, Jones alleges violations of the Due Process Clause of the Fourteenth Amendment and the Cruel and Unusual Punishment Clause of the Eighth Amendment; a claim under the Americans with Disabilities Act[3] ("ADA"); and

---

[1] The unidentified ADA Coordinator is the person who oversees all programs under N.J. Admin. Code 10A:1-3, including the DDP. Compl. at 4.
[2] Plaintiff seeks damages and injunctive relief. The Court, therefore, construes his § 1983 claims against Defendants in their individual and official capacities.
[3] 42 U.S.C. § 12132.

unidentified state law tort claims, which the Court construes as a claim under the New Jersey Civil Rights Act ("NJCRA").

Jones filed an application to proceed *in forma pauperis* ("IFP"). D.E. 1-1 ("IFP Application"). Jones' IFP Application establishes his financial eligibility to proceed without prepayment of the filing fee. Therefore, the Court will **GRANT** the IFP Application. However, the Court must screen the Complaint for *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B). For the reasons below, the Court will **DISMISS** the Complaint **in part *with prejudice*** and **in part *without prejudice*,** and **grant** Plaintiff leave to amend those claims dismissed without prejudice.

I.    BACKGROUND

Jones is a prisoner in SWSP who suffers from a drug addiction. Compl. at 7-8. The caption of his *pro se* Complaint indicates that it is a "Class Action Lawsuit." *Id.* at 4. After Jones returned a "dirty urine" sample, he was charged with violating the prison rule "Intoxication" at SWSP. *Id.* at 7. On March 7, 2024, DiBenedetto found Jones guilty and sanctioned him to 30 days in DDP. *Id.* at 7. Jones describes DDP as follows:

> It do[es] not provide any knowledge or help to inmates and their drug addictions at all. There [are] no groups, classes, studies about addictions, drugs, or diversions at all. Every inmate that [is] sanctioned to D.D.P. . . is locked in a cell and come out for *phone*, *shower* and *kiosk* for 45 minutes on first shift, and second shift, so in total we get 90 minutes every day. There is no groups, study hall, classes that gears towards our addictions. So it[']s a revolving cycle for all inmate[s] who suffer from addictions.

*Id.* at 7-8 (emphasis in original).

Jones claims a right to drug counseling for inmates with disabilities, pursuant to New Jersey Administrative Code 10A:1-3.[4]  *Id.* at 4. Jones further alleges that the failure to provide him with

---

[4] The New Jersey Administrative Code Title 10a, corrections, Chapter 1, Subchapter 3 governs the Disability Discrimination Grievance Procedure.

2

drug addiction treatment violates the Eighth Amendment, the Fourteenth Amendment, the ADA, and state law.[5] *Id.* at 5. Jones asks the Court to end the DDP program and award him damages. *Id.* at 8-9.

## II. LEGAL STANDARD

District courts are required to review civil complaints filed by prisoners who have been granted IFP status, and *sua sponte* dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(b). When reviewing claims for dismissal for failure to state a claim under § 1915(e)(2)(b)(ii), courts apply the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). Courts "must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim." *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023). Moreover, "[c]omplaints filed pro se should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## III. DISCUSSION

### A. Plaintiff's *Pro se* Status Precludes His Representation of a Class Under Fed. R. Civ. P. 23

"A class action can be maintained only if the class representative 'will fairly and adequately represent the interests of the class.'" *Caputo v. Fauver*, 800 F. Supp. 168, 170 (D.N.J. 1992), *aff'd*, 995 F.2d 216 (3d Cir. 1993) (quoting Fed. R. Civ. P. 23(a)(4)). "Every court that has considered

---

[5] Jones asserts supplemental jurisdiction over his state law claims under 28 U.S.C. § 1367, Compl. at 5, but he does not identify any state law claims. As addressed above, the Court construes Plaintiff's state law claim as arising under the NJCRA.

3

the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action." *Id.* Therefore, Jones may not maintain a class action at this time, but he may individually pursue his claims.

B.     **The Court Construes the State Law Claims As Arising Under the New Jersey Civil Rights Act**

Jones asserts supplemental jurisdiction over state law claims, without identifying the claims. The NJCRA[6] is interpreted analogously to § 1983." *Mervilus v. Union Cnty.*, 73 F.4th 185, 193 n. 4 (3d Cir. 2023). Jones brings claims under § 1983. Compl. The Court, therefore, construes the Complaint to raise analogous NJCRA claims. Where a plaintiff alleges violation of Section 1983 and the NJCRA, the NJCRA claims "rise and fall with [the] parallel § 1983 claims." *Id.*

C.     **The Section 1983 and NJCRA Claims Against NJDOC and DDP Are Barred by the Eleventh Amendment**

The Eleventh Amendment bars suits against state governments in federal courts. *Fox v. Bayside State Prison*, 726 F. App'x 865, 867 (3d Cir. 2018). Eleventh Amendment "immunity extends to any entity that is an arm of the state." *Id.* "The DOC is quintessentially an arm of the state" and, therefore, has sovereign immunity from suit in federal court, unless waived. *Id.* at 867-68 (3d Cir. 2018). DDP, a program within NJDOC, is likewise immune. *See id.* at 868 (holding Bayside State Prison, a facility wholly owned and operated by DOC, "is similarly protected"); *Cummings v. Darsey*, No. 06-5925, 2007 WL 174159, at *3 (D.N.J. Jan. 16, 2007) (finding NJDOC "Program Department" entitled to immunity under the Eleventh Amendment). New Jersey has not waived its sovereign immunity to be sued under Section 1983. *Mierzwa v. United*

---

[6] N.J. Stat. Ann. § 10:6-1 *et seq.*

4

*States*, 282 F. App'x 973, 976 (3d Cir. 2008).  Therefore, the Court will **DISMISS** *with prejudice* the Section 1983 and NJCRA claims against NJDOC and DDP.

        **D.**        **Jones Fails to State a Claim Under the Eighth and Fourteenth Amendments**

        *1.*        *Standard*

To bring a claim under 42 U.S.C. § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  Additionally, each defendant "must have personal involvement in the alleged wrongs to be liable and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Saisi v. Murray*, 822 F. App'x. 47, 48 (3d Cir. 2020) (cleaned up).  Allegations of personal involvement must be made with appropriate particularity. *See Evancho v. Fisher*, 423 F.3d 347, 354 (3d Cir. 2005) (stating court is not required to credit "a bald assertion" in deciding a motion to dismiss).

Where personal involvement in the alleged misconduct is required, the doctrine of respondeat superior is inapplicable. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). To state a claim against a supervisor under Section 1983, a plaintiff must allege one of two theories of liability. *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juv. Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004). *First*, "[i]ndividual defendants who are policymakers may be liable under § 1983 if it is shown that such defendants, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (cleaned up).  *Second*, a supervisor may be personally liable under § 1983 "if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." *Id.*

5

Jones alleges Defendants violated the Eighth and Fourteenth Amendments by failing to provide treatment for his drug addiction. Compl. The Eighth Amendment, rather than the Fourteenth Amendment, applies to Section 1983 claims of deliberate indifference to a prisoner's serious medical needs. *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003). Moreover, the Third Circuit applies the same standard to pretrial detainees who allege violation of the Fourteenth Amendment Due Process Clause by a defendant's failure to provide adequate medical care. *Id.* To state a claim, a plaintiff must allege: (1) he has a serious medical need; and (2) a defendant's conduct in deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. 97, 104-6 (1976). "Deliberate indifference is a subjective standard consistent with recklessness[,]" which requires "both that an individual be aware of facts from which the inference could be drawn of a substantial risk and that the individual actually draws that inference." *Thomas v. City of Harrisburg*, 88 F.4th 275, 281 (3d Cir. 2023), *cert. denied sub nom. Foose v. Thomas*, 145 S. Ct. 141 (2024), *and cert. denied sub nom. Kinsinger v. Thomas*, 145 S. Ct. 141 (2024). The element of deliberate indifference may be satisfied with evidence, among other things, of an intentional refusal to provide care or "persistent [inadequate treatment] in the face of resultant pain and risk of permanent injury." *White v. Napoleon*, 897 F.2d 103, 107-09 (3d Cir. 1990). Medical negligence does not give rise to a constitutional claim. *Estelle*, 429 U.S. at 106.

2. Analysis

The Complaint raises a plausible inference that Jones has a serious medical need for drug addiction treatment, and without such treatment, he would suffer a never ending cycle of substance abuse. Under N.J. Admin. Code § 10A:16-14.2, Drug Diversion Program:

> (a) Inmates found guilty of Category F infractions at N.J.A.C. 10A:4–4.1(a)6 will be offered the opportunity to participate in a one-time only Drug Diversion Program (See N.J.A.C. 10A:4-5.1(n)). The program is a 60-day intervention pathway for drug

6

rehabilitation and related behavioral modification. It is offered as a less punitive alternative to the sanctions found at N.J.A.C. 10A:4–5.1(g) with the intention of enrollment in a clinical Drug Diversion Program. During the 60-day interventional pathway:

1. The Department substance use disorder and addiction services staff and the healthcare provider will assess the inmate and develop an individualized treatment plan for each inmate referred by the Disciplinary Hearing Officer (see N.J.A.C. 10A:4–5.1(n));

2. Inmates shall comply with all components of the prescribed treatment plan;

3. Inmate noncompliance with all components of the prescribed treatment plan shall result in removal from the Drug Diversion Program and referral to the Disciplinary Hearing Officer at the correctional facility in which the infraction was committed (see N.J.A.C. 10A:4–5.1(n)); and

4. Upon completion of the Drug Diversion Program, a report will be forwarded to the facility in which the infraction was committed and taken into consideration by the Disciplinary Hearing Officer or Adjustment Committee for disposition of the originally imposed sanctions.

(b) Inmates may, at any time, request treatment for substance use disorder on a voluntary basis.

Jones' allegation that he was sanctioned to 30 days DDP, which serves only as a revolving door in and out of the program because it does not provide any drug addiction treatment, conflicts with the regulation, which appears to offer a one-time "diversion" from sanctions for inmates who instead participate in a 60-day drug rehabilitation program.

However, assuming Jones' allegations about DDP are true, he has not alleged: (1) that he otherwise requested treatment for substance abuse disorder, as permitted under N.J. Admin. Code § 10A:16-14.2(b), from Defendants DiBenedetto, Degner, John/Jane Doe NJDOC Commissioner or [John/Jane Doe] ADA Coordinator; and (2) that they denied his request. Although the Eighth Amendment protection against cruel and unusual punishment requires that prisoners receive

7

adequate care for their serious medical needs, it does not guarantee participation in a specific treatment program. *See Pace v. Fauver*, 479 F. Supp. 456, 458 (D.N.J. 1979), *aff'd*, 649 F.2d 860 (3d Cir. 1981) (stating it may not "be assumed that every debilitation or addiction cognizable as medically-related requires that the government establish a treatment facility or program in order not to violate a prisoner's Eighth Amendment rights."). Jones, therefore, has not alleged deliberate indifference to his serious medical need. The Court will **DISMISS** *without prejudice* his Eighth Amendment claims under § 1983 and the NJCRA against DiBenedetto, Degner, NJDOC Commissioner, and the unnamed ADA Coordinator.

E.     **Jones Fails to State a Title II ADA Claim**

Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim for a Title II violation, a plaintiff must show that: "(1) they are [a] qualified individual[]; (2) with a disability; (3) they were excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or were subjected to discrimination by any such entity; (4) by reason of their disability." *Durham v. Kelley*, 82 F.4th 217, 225 (3d Cir. 2023). If a plaintiff seeks compensatory damages under the ADA, they must also "show intentional discrimination under a deliberate indifference standard," meaning "(1) knowledge that a federally protected right is substantially likely to be violated . . . and (2) failure to act despite that knowledge." *Id.*

Liberally construed, the Complaint alleges the first three elements of an ADA claim, but fails to allege the fourth element, that exclusion from a program was by reason of Plaintiff's disability. *See Raytheon Co. v. Hernandez*, 540 U.S. 44, 49 n. 2 (finding drug addiction may be a

8

disability under the ADA if it impairs a major life activity). According to Jones, DDP was a program that promised treatment, but did not actually provide it. Compl. at 4-5. These facts are inconsistent with a claim that Jones was excluded from a treatment program on the basis of his drug addiction. Therefore, the Court will **DISMISS** *without prejudice* Jones's Title II claim.[7]

### F. The Court Will Grant Leave to Amend to Cure the Claims Dismissed Without Prejudice

Generally, when a court dismisses a complaint under Section 1915(e)(2)(b), the court should "grant leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Jones may be able to allege facts that would cure the deficiencies in his claims that have been dismissed *without prejudice*. The Court, therefore, will grant him 45 days to submit a Proposed Amended Complaint. The Proposed Amended Complaint will be subject to this Court's Section 1915 review prior to service. Failure to submit a Proposed Amended Complaint within 45 days of the accompanying Order may result in dismissal of all claims *with prejudice* without further notice.[8]

## IV. CONCLUSION

For the reasons stated above, the Court will grant Jones' IFP Application; **DISMISS** *with prejudice* Jones' Section 1983 and NJCRA claims against NJDOC and DDP based on Eleventh Amendment immunity; and **DISMISS** *without prejudice* the remainder of the claims in the

---

[7] Jones may be able to cure the deficiency in this claim by alleging additional facts to establish NJDOC discriminated against him as a person with a drug addiction by denying him any treatment for his drug addiction.

[8] The Amended Complaint will supersede the Complaint. This means when the Amended Complaint is filed, any allegations that have not been included in the Amended Complaint are no longer part of the case. *See* 6 Wright, Miller & Kane, Federal Practice and Procedure Civ. § 1476 (3d. ed. 1997) (footnotes omitted).

9

Complaint for failure to state a claim; and grant leave to amend within 45 days to cure the deficiencies identified herein. An appropriate Order follows.


Dated: April 8, 2025

_____
Evelyn Padin, U.S.D.J.